Curia, per Frost, J.
By the Acts of 1786 and 1799, any woman entitled to dower or thirds in lands, of which her deceased husband was seized in fee, at any time during the coverture, may sue out, from the clerk of the Court, a summons directed to the heir at law of the deceased (if of full age,) or to his or her guardian, if he or she shall be a minor; and if there be no guardian, to the executor or administrator of tire deceased, or to any other person or persons who may be in possession of the land, to shew cause why a writ for the admeasurement of her dower should not be issued. If the party summoned appears to show cause, the Act does not direct in what form and manner it shall be shown ; nor how the same shall be tried. In Williams v. Lawrence it was settled, as a rule of practice, that the entry of appearance, by the party summoned, is a sufficient showing of cause to require the demandant to declare.
The plaintiff’s declaration pursues strictly the form to be found in 3 Ch. Plead. 1315. This form is sanctioned by the pleadings in Williams v. Gwyn, and Robins v. Crutchly. The defendants have demurred generally; and for causes of demurrer, show, first, that possession of Abel Foxworth, the deceased husband of the plaintiff, is not averred. This it was clearly unnecessary to do, because the plaintiff is dowable of the seizin of her husband. The next ground is, that the seizin of her husband is not alleged. It is not expressly alleged, and by the general rules of pleading it would seem necessary that it should be ; yet the cases cited, and others *115 of high authority,- referred to by Chitty, sustain the form which the plaintiff has adopted. The marriage is not other-, 'Wise stated, than indirectly, in the description of the demand-•ant, as the widow oí Abel Foxworth; nor'is the death of Abel Foxworth otherwise alleged, than in the mention of as deceased. In like manner, the seizin of Abel Foxworth, •as a necessary requisite to the right to dower, may be imported in the plaintiff’s demand of one third of the land “ as her dower, by the endowment of the said Abel Foxworth, deceased.” The other grounds of demurrer are, that deforcement of the plaintiff and possession of the defendant are not averred. Deforcement, Blackstorie says,-is a, term of most general signification, including the holding of any lands or tenements -to which another has right. The deforcement of the demandant, and possession of the land by the defendant, are not essential to her right of dower, and are therefore not facts necessary-to be stated in "the declaration. If the defendants have not possession, .or if they have not deforced the plaintiff, they may plead nontenure of the whole or part; or that the demandant is already seized of a third part of the land demanded; or that they have made- her recompense for her dower ; and if Abel Foxworth was not seized, that may also be pleaded. In 2 Saund. 44, and Park on dower, these are stated, as matters of defence, which may be the subjects of special pleas. That they are matters of defence, •shews that they are not necessary subjects of averment, if it were necessary for thedemandmenttoaver them, the omission would be arranged under the causes of demurrer.
The motion is dismissed.'
Evans, Wab.di.aw & Withees, JJ., concurred.

Motion refused.